**Law Office of Shmuel Klein, PC**
**113 Cedarhill Ave.**
**Mahwah, NJ 07430**
**(201) 529-3411**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

_____x

In Re:                                                                                  Chapter 13

**Angelica Santana**                                                        Bankruptcy Case # 09-27767

_____x

                                                                                              Adversary Case No

**Angelica Santana**
          Plaintiff,


                    Vs


**National City Mortgage**
          **Defendant.**
_____x

Complaint Seeking Damages in Core Adversary Proceeding
For Violation of RESPA

**Introduction**

1.     This is an action for actual and punitive damages filed by the debtor pursuant to

Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections

3500.21(e)(1) and 3500.21(e)(3) of Regulation X.


**Jurisdiction and Venue**

2.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334

of Title 28 of the United States Code in that this proceeding arises in and is related to the above-

1

captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States Bankruptcy Court District Court of New Jersey on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8. The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 in the above-captioned case.

9. The Plaintiff is a natural person residing at 12 Willow St. Bergenfield, NJ 07621

2

10. The Defendant National City Mortgage, with CEO Mr. Joe Cartellone is a Mortgage Banking Corporation, and is located at 3232 Newark Drive Miamisburg, Ohio 45342, and is doing business in New Jersey under the laws of the State of New Jersey.

**Factual Allegations**

11. One July 9 2009 Plaintiff filed for Chapter 13 Bankruptcy.

12. The Plaintiff has a mortgage account with National City Mortgage, with the Account #   XXXXXX7138.

13. The Plaintiff believes that he is being charged unauthorized late fees, that his payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

14. The Plaintiff took these matters up with his attorney as he believed he was current on the payments.  The debtor's attorney tendered a "Qualified Written Request" via US Postal service Certified Mail to National City Mortgage, 12 Willow St. Bergenfield, NJ 45342 the Real Estate Settlement Procedures Act on or about July 13, 2009.

15. The Defendant received the "Qualified Written Request" on July 09, 2009 according to its USPS tracking number.

16. Defendant did not acknowledge the receipt of the "Qualified Written Request" by July 29, 2009, twenty days after its delivery.

17. Defendant did not respond to the "Qualified Written Request" by September 9, 2009 sixty days after it receipt.

18. As of the filing of this pleading the said Defendant has failed to have any form of

communication with the debtor's attorney, or with the debtor to respond to or acknowledge the aforesaid Qualified Written Requests regarding the subject account.

19. The Plaintiff has suffered actual damages including, but not limited to, having paid excess charges, excess interest, unauthorized fees and other charges, including principal and interest, and credit not having been properly applied for Plaintiff's account as a result of Defendant having Plaintiff's payments in suspense account.

**Claim 1: Violation of RESPA**

20. The allegations in paragraphs 1 through 19 of this complaint are realleged and incorporated herein by this reference.

21. The Defendant is the assignee, of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

22. The "qualified written requests" was not acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

23. The Defendant did not, within 60 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

24. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the mortgage.

25. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and

reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

### Claim 2: Breach of Contract

26. The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27. Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to note dated July 1, 2005.

28. As a direct proximate thereof Plaintiff has suffered losses.

### Claim 3: Negligence

29. The allegations in paragraphs 1 through 28 of this complaint are realleged and incorporated herein by this reference.

30. Defendant negligently did not respond to the "Qualified Written Request". Defendant negligently misapplied payments and has done this without the protection of the law.

31. As a direct proximate thereof Plaintiff has suffered losses.

WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendant a sum to be determined

by the Court in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the underlying debt to National City Mortgage be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F. That this Court order the Defendant to pay to the Plaintiff their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: October 27, 2009  
Mahwah, New Jersey

                                                                /s/ Shmuel Klein  
                                                                Shmuel Klein  
                                                                Law Office of Shmuel Klein PC