Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-6400

**FILED**
JAMES J. WALDRON, CLERK
MAR 2 5 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

_____ x

In Re:
Angelica Santana                                 Case No. 09-27767
_____ x

Angelica Santana                                 Adversary No. 09-2737
    Plaintiff,

v.

National City Mortgage,
    Defendant,

_____ x

### JOINT STIPULATION STAYING EXECUTION OF DEFAULT JUDGMENT ENTRY PENDING POTENTIAL RESOLUTION OF CASE

1. On November 4, 2009, Plaintiff Angelica Santana filed a Complaint in the above-captioned case against Defendant National City Mortgage.

2. A Summons and Notice of Pretrial Hearing Conference In An Adversary Proceeding was issued by the Deputy Clerk on November 5, 2009.

3. On December 23, 2009, Plaintiff filed a Request to Enter Default Judgment against National City Mortgage.

4. On December 28, 2009, the Court entered a default against National City Mortgage.

5. On March 9, 2010, a Judgment Entry of Default was entered against National City Mortgage.

6. Defendant National City Mortgage, which is now PNC Bank, N.A. d/b/a PNC Mortgage, as successor by merger to National City Bank, N.A. d/b/a National City Mortgage, contends that the Entry of Default Judgment in this case is not proper because (1) National City Mortgage was not properly served with a copy of the Complaint or Summons pursuant to Rule 7004(h) of the Federal Bankruptcy Rules and (2) the Summons that Plaintiff attempted to use was no longer effective, having been issued in November 2009. National City Mortgage has other defenses that it will expand upon later, if necessary.

7. On March 10, 2010, Randall LaTour and Lisa Pierce Reisz, counsel for Defendant, contacted Shmuel Klein, counsel for Plaintiff, to discuss this matter. As a result, both parties have agreed to commence settlement negotiations in an effort to resolve the underlying issues asserted in the Complaint.

8. Plaintiff has agreed to stay any efforts to execute upon or otherwise act upon the Default Judgment Entry pending settlement discussions between the parties.

9. In addition, Plaintiff has agreed to vacate the Default Judgment Entry as a part of any successful resolution of the issues in the underlying Complaint.

10. If settlement discussions do not result in a resolution of this matter, Defendant National City Mortgage reserves its right to challenge the March 10, 2010 Default Judgment Entry by filing a Motion to Vacate the Default Judgment under Rule 60 of the Federal Rules of Civil Procedure. Plaintiff hereby agrees that neither this Stipulation, nor the passage of time during negotiations is a waiver of that right, but instead the running of time is tolled during such negotiations.

-3-

11.  At that time, unless this Court otherwise requires, Randall LaTour and Lisa Pierce Reisz will file a Motion for Admission Pro Hac Vice as set forth in D.N.J. LBR 2090-1 and will associate themselves with members of the New Jersey bar.

Dated: March 25, 2010
Mahwah, New Jersey

/s/Shmuel Klein
Shmuel Klein
Law Office of Shmuel Klein
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411
Shmuel.klein@verizon.net

Attorneys for Plaintiff,
Angelica Santana

/s/ Randall D. LaTour
Randall D. LaTour
Lisa Pierce Reisz
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
(614)464-8290
rdlatour@vorys.com
lpreisz@vorys.com

Attorneys for Defendant,
National City Mortgage, which is now PNC Bank, N.A. d/b/a PNC Mortgage, as successor by merger to National City Bank, N.A. d/b/a National City Mortgage

3/24/2010 7987037